# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

**SEALED**

| | |
|---|---|
| United States of America<br>v.<br>DESMOND VALENTINE<br><br>*Defendant(s)* | )<br>)<br>)  Case No.<br>)       1:22-mj-0307<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 14, 2022__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1: Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) | Possession with Intent to Distribute Mixture or Substance Containing Fentanyl |
| Count 2: Title 18, United States Code, Section 922(g)(1) | Convicted Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

/s/ Noel Kinney
*Complainant's signature*

Noel Kinney, DEA Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ telephone _____ (reliable electronic means).

Date: 04/19/2022

City and state: Indianapolis, IN

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Noel Kinney, a Task Force Officer (TFO) with the United States Drug Enforcement Administration (DEA), being duly sworn, state as follows:

### I. INTRODUCTION & BACKGROUND OF INVESTIGATION

1. I am currently a Task Force Officer with the Drug Enforcement Administration (DEA) assigned to the Indianapolis District Office (IDO) Group 58. I have been employed as a DEA Task Force Officer (TFO) since November of 2013. I have been employed with the Indiana State Police (ISP) as a law enforcement officer for over 19 years, and currently hold the rank of Master Trooper. I have worked controlled substance investigations for over 20 years. My primary duty as a TFO is to investigate criminal violations of the federal controlled substances laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, and 846.

2. During my employment as a law enforcement officer, I have received specialized training in the means and methods by which drug traffickers unlawfully manufacture, import, distribute (and possess with intent to distribute) controlled substances, including, but not limited to, the use of telephones and numerical codes and code words to conduct drug trafficking activities. I have also received specialized training in the ways in which international drug trafficking organizations manufacture and smuggle controlled substances into the United States, as well as the means and methods by which international drug trafficking organizations export the proceeds of their drug trafficking activities.

3. During my employment as a law enforcement officer, I have received specialized training in the enforcement of laws concerning the trafficking of controlled substances. I have also received training regarding, and personally participated in, various types of investigative activity, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing and/or interviewing of defendants, witnesses, confidential sources and other individuals who have knowledge concerning the unlawful trafficking in controlled substances; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; and, (f) the handling and maintenance of evidence.

## II. PRELIMINARY STATEMENT & BASIS OF INFORMATION

4. This Affidavit is made in support of a complaint for Target Desmond VALENTINE (VALENTINE). As set forth below, probable cause exists to believe that VALENTINE possessed with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and possessed a firearm after being knowingly convicted of a felony, in violation 18 U.S.C. § 922(g)(1).

5. Except as otherwise noted, the information set forth in this Affidavit has been provided to me by members of the DEA (Special Agents and TFOs) or other law enforcement agents or officers. Unless otherwise noted, whenever in this Affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Likewise, information resulting from physical surveillance, except where otherwise indicated, does not necessarily set forth my observation, but rather has been provided directly or indirectly through other DEA Special Agents, TFOs, Indianapolis Metropolitan Police Department (IMPD), ISP officers, or other law enforcement officers who

conducted the surveillance. Likewise, any information pertaining to vehicles and/or registrations, personal data on subjects, and record checks has been obtained through the Indiana Data and Communications System or the National Crime Information Center computers.

6. Because this Affidavit is being submitted for the limited purpose of securing a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish the foundation for said application.

### III. FACTS & CIRCUMSTANCES REGARDING PROBABLE CAUSE

7. <u>Background Regarding Investigation</u>. Starting in or around November of 2021, DEA began an investigation into fentanyl trafficking in Morgan County, Indiana. During the course of that investigation, DEA conducted two controlled buys of fentanyl/heroin (approximately 52 grams in total) from VALENTINE. Both controlled buys occurred at 2311 Gable Drive in Indianapolis, Indiana (hereinafter, "Gable Drive").

8. <u>Traffic Stop of VALENTINE.</u> On or about April 13, 2022, law enforcement secured a state search warrant for Gable Drive. Investigators believe VALENTINE resides at Gable Drive based on surveillance and a check of the Community Corrections GPS Monitoring Device worn by VALENTINE, which showed him frequently and regularly being at the residence. (VALENTINE is currently on Community Corrections in Marion County, Indiana.) In addition, Gable Drive is VALENTINE's address of record with Community Corrections. Shortly before officers executed the warrant on April 14, 2022, surveillance officers saw VALENTINE exit Gable Drive and secure the front door with a key. VALENTINE was wearing a black and red jacket. He then got into the passenger side front seat of a black Kia passenger car and departed the area of the residence.

9. Approximately 3 minutes later, a marked IMPD vehicle initiated a traffic stop of the black Kia passenger car. The driver of the vehicle complied. The female driver was identified as D.B. (identity redacted but known to me). The sole passenger was VALENTINE. As the stopping officer approached the vehicle, the officer noticed VALENTINE removing his black and red jacket and putting it in the backseat.

10. Arrest of VALENTINE. The purpose of the traffic stop was to arrest VALENTINE on State of Indiana charges for Conspiracy to Deal a Schedule I Controlled Substance (Fentanyl). VALENTINE was told to get out of the vehicle and was taken into custody. During a search incident to arrest, officers found a plastic baggie in his right front coin pocket containing approximately 7.31 grams of a substance that tested positive for fentanyl at the IMPD lab. Based on my training and experience, this quantity of fentanyl is associated with distribution as opposed to personal distribution.

11. Search of Vehicle. D.B. consented to a search of the vehicle. Inside of the vehicle, officers located a black Glock 23, 40 caliber handgun, S/N FHK369, from a shoulder holster behind the driver's seat. Officers also found a tan Glock 19 handgun, S/N BHNF544, inside of the left pocket of a black and red jacket that was on the back seat. When asked about the firearms located in the vehicle, D.B. told TFO Kinney that the gun found in the jacket did not belong to her.

12. <u>Recorded Interview of VALENTINE</u>. After VALENTINE was taken into custody, he was transported to DEA. There, he was advised of his *Miranda* rights by TFO Kinney, as witnessed by Morgan County Deputy Tim Coryell, and interviewed. The interview was recorded. During the interview, VALENTINE stated (among other things) the following (non-verbatim summary):

    a) The fentanyl found in his possession belonged to him.

    b) The gun found in the jacket was used only to protect himself and the drugs he had in his possession.

13. <u>Criminal History</u>. My colleagues and I reviewed criminal history records for VALENTINE. He has been previously convicted of crimes punishable by more than one year of imprisonment, including robbery, aggravated battery, and unlawful possession of a firearm by a serious violent felon.

14. <u>Interstate Nexus</u>. Based on information received from law enforcement colleagues, I know that the above-described Glock firearms were not manufactured in the State of Indiana.

15. The above-described traffic stop took place in the Southern District of Indiana, Indianapolis Division.

## IV.   CONCLUSION

16.   Based on the foregoing information, I believe that there is probable cause to believe that VALENTINE possessed with intent to distribute controlled substances (i.e., fentanyl) in the Southern District of Indiana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and knowingly possessed a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

/s/ *Noel Kinney*
Noel Kinney, Task Force Officer
Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

4/19/22



Mario Garcia
United States Magistrate Judge
Southern District of Indiana